IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, as successor to CIGNA Specialty Insurance Company, f/k/a California Union Insurance Company, TIG INSURANCE COMPANY, as successor to International Insurance Company,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANZ S.p.A., as successor to Riunione Adriatica di Sicurta, S.p.A., a/k/a, Adriatic Insurance Company<br><br>Defendant. | CIVIL ACTION No.:<br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, Century Indemnity Company, as successor to CIGNA Specialty Insurance Company, f/k/a, California Union Insurance Company, ("Century"), and TIG Insurance Company, as successor to International Insurance Company, ("TIG"), by way of Complaint against the Defendant, Allianz S.p.A., as successor to Riunione Adriatica di Sicurta, S.p.A., a/k/a Adriatic Insurance Company, say:

### JURISDICTION AND VENUE

1. The within Complaint presents claims that lie within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332 (a), as these claims are between a citizen of a State and a citizen or subject of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391 (a) (2) in that a substantial part of the events or omissions giving rise to the claim occurred. More

specifically, the Plaintiff, Century Indemnity Company, resides and exercises its responsibilities regarding the Plaintiff, TIG Insurance Company, in this district; the Plaintiffs' insurance policies involved in this action were issued in this district; the Insured is located and the Defendant's insurance policy was delivered in this district; and, the handling and payment of the insurance coverage claims at issue have occurred in this district. Venue also is proper pursuant to 28 U.S.C. § 1391 (d) in that the Defendant is an alien.

### THE PARTIES

3. Plaintiff, Century Indemnity Company ("Century") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and having its headquarters at 436 Walnut Street, Philadelphia, PA 19106. Century is the eventual successor to CIGNA Specialty Insurance Company, f/k/a, California Union Insurance Company.

4. Plaintiff, TIG Insurance Company ("TIG") is a corporation organized and existing under the laws of the State of California and having a principal place of business at 250 Commercial Street, Suite 5, Manchester, NH 03101. TIG is the successor to International Insurance Company. Century has assumed responsibility for the TIG policy at issue in this matter.

5. Defendant, Allianz S.p.A. ("ALLIANZ") is the successor by merger to Riunione Adriatica di Sicurta, S.p.A., a/k/a, Adriatic Insurance Company, ("RAS"), is incorporated under the laws of Italy and has a business address at Corso Italia 23, 20010 Milan, Italy. The ALLIANZ insurance policy at issue in this lawsuit was issued to a corporate citizen of the Commonwealth of Pennsylvania while RAS was registered by the Commonwealth as an eligible surplus lines insurer.

## FACTUAL BACKGROUND

6. This case concerns liability insurance coverage for claims alleging bodily injury due to exposure to commercial and residential heating boilers that allegedly contain asbestos containing components ("Underlying Asbestos Claims") asserted against Peerless Industries, Inc., d/b/a Peerless Heater Company, and EAFCO, Inc., f/k/a The Eastern Foundry Company (jointly, "PEERLESS").

7. At all times relevant to the issuance and delivery of the insurance policies at issue in this lawsuit, the corporations comprising PEERLESS were incorporated under the laws of the Commonwealth of Pennsylvania and had principal places of business in Pennsylvania.

8. CENTURY, TIG and ALLIANZ each issued one or more liability insurance policies to PEERLESS during the time period beginning December 31, 1978, and ending December 21, 1985.

9. Specifically, ALLIANZ issued to PEERLESS a Commercial Umbrella Policy designated as Policy No. UL 2277 with a policy period from December 31, 1978, to December 31, 1979.

10. Policy No. UL 2277, subject to its terms and conditions, provides coverage for the defense and indemnification of Underlying Asbestos Claims against PEERLESS.

11. The liability insurance policies issued to PEERLESS by CENTURY, TIG and ALLIANZ each are excess to primary insurance coverage issued to PEERLESS by Continental Casualty Company ("CONTINENTAL").

12. CONTINENTAL, and two related insurance companies, American Casualty Company of Reading, Pennsylvania, ("AMERICAN"), and Columbia Casualty Company,

("COLUMBIA"), also issued excess liability insurance policies to PEERLESS during the time period prior to those issued by CENTURY, TIG and ALLIANZ.

13. The CONTINENTAL and AMERICAN coverage included several allegedly lost or missing insurance policies whose terms and limits CONTINENTAL, AMERICAN and PEERLESS resolved by way of written agreement.

14. CONTINENTAL sued PEERLESS, CENTURY and TIG in the United States District Court for the Eastern District of Pennsylvania alleging that all of CONTINENTAL'S primary insurance policies were then at or near exhaustion and seeking contribution to, or indemnification of, the costs of defending and indemnifying PEERLESS under the alleged CONTINENTAL excess insurance policies.

15. CENTURY and TIG filed a counterclaim against CONTINENTAL, AMERICAN and COLUMBIA for contribution or indemnification.

16. The CONTINENTAL v. PEERLESS, et al. matter remains pending in this Court under Civil Action No. 2:06-cv-04621 (CMR).

17. On or about March 2010, CENTURY and TIG began paying 100% of the defense and indemnification of then pending Underlying Asbestos Claims, because CONTINENTAL, AMERICAN and COLUMBIA notified PEERLESS that all primary and excess insurance coverage issued by these companies to PEERLESS, per their written agreement, was exhausted, whereupon PEERLESS tendered the pending claims to CENTURY and TIG.

18. CENTURY and TIG are entitled to payment from ALLIANZ of contribution to the defense and indemnification of PEERLESS for Underlying Asbestos Claims.

19. CENTURY and TIG have demanded that ALLIANZ contribute to the defense and indemnity of PEERLESS and ALLIANZ has disputed the share it is obligated to pay.

## FIRST COUNT

20. CENTURY and TIG repeat and reallege the allegations of Paragraphs one through 17, as if set forth at length herein.

21. An actual controversy presently exists between CENTURY, TIG and ALLIANZ concerning the existence, scope and extent of the rights and obligations of these parties with respect to pending and future Underlying Asbestos Claims against PEERLESS.

WHEREFORE, CENTURY and TIG demand judgment against ALLIANZ, pursuant to 28 U.S.C. § 2201, for

   a)   a declaration of the rights, obligations and other legal relations of CENTURY, TIG and ALLIANZ with respect to the defense and indemnification of PEERLESS and allocation of costs;

   b)   attorneys' fees; and,

   c)   costs of suit.

## SECOND COUNT

22. CENTURY and TIG repeat and reallege the allegations of Paragraphs one through 19, as if set forth at length herein.

23. Over the time period March 2010 to September 7, 2011, CENTURY and TIG have, through individual payments at various times, expended a total of $9,573,756.91 for the defense and indemnification of PEERLESS for Underlying Asbestos Claims.

24. CENTURY and TIG, subject to the terms and conditions of their policies, have continued and may continue to pay for the defense and indemnification of PEERLESS for Underlying Asbestos Claims.

WHEREFORE, CENTURY and TIG demand judgment against ALLIANZ, pursuant to 28 U.S.C. § 2202, for further relief in the form of

a) a money judgment in the amount due, as of the date of entry of judgment, from ALLIANZ to CENTURY and TIG as reimbursement of amounts paid by them for the defense and indemnification of PEERLESS, plus pre-judgment interest calculated from the date of payment, attorneys' fees and costs of suit;

b) an order allocating future responsibility between Plaintiffs and ALLIANZ and directing ALLIANZ to contribute accordingly on an on-going basis to the defense and indemnification of PEERLESS; and,

c) for such other and further relief as this Court deems just.

Dated: September 15, 2011

SIEGAL & PARK
533 Fellowship Road, Suite 120
Mt. Laurel, NJ 08054
(856) 380-8900

By: _____
Victoria Airgood (VA 46347)

Attorneys for Plaintiffs, Century Indemnity Company, as successor to CIGNA Specialty Insurance Company, formerly known as California Union Insurance Company, and TIG Insurance Company as successor to International Insurance Company